NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 20, 2018[*]
Decided October 1, 2018

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1965

| | |
|---|---|
| TOMAS D. CUESTA, SR., *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 17-CV-104 |
| JAMIE BARKER and NICOLE TREVINO, *Defendants-Appellees*. | Lynn Adelman, *Judge*. |

**O R D E R**

Tomas Cuesta, Sr., a Wisconsin inmate, charges prison officials with violating the Eighth Amendment though their deliberate indifference to his back pain. A magistrate judge dismissed the complaint as to some defendants at screening, and a district judge entered summary judgment in favor of others, concluding that they were not personally

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

involved or did not act with deliberate indifference to a serious risk of harm in violation of the Eighth Amendment. We affirm.

We construe the facts in favor of the nonmoving party, Cuesta, drawing all reasonable inferences in his favor. *See Robinson v. Perales*, 894 F.3d 818, 823 (7th Cir. 2018). While gardening one day in 2012 at Green Bay Correctional Institution, Cuesta injured his back. The prison doctor prescribed Tylenol and gave him a low-bunk restriction. Later that year, Cuesta transferred to Stanley Correctional Institute, where he still resides. His low-bunk permit was renewed annually for four years.

Cuesta reinjured his back at Stanley while shoveling snow. This injury caused "serious pains and suffering," so he went to the Health Services Unit. A nurse examined Cuesta and ordered ice, ibuprofen, and exercises to strengthen his back. Cuesta's pain persisted, so he returned to the HSU. He asked a nurse, Nicole Trevino, if he could have his low-bunk restriction continued and see a non-prison back specialist. Trevino examined Cuesta, prescribed him pain medication and back exercises, and renewed his low-bunk authorization for one month, pending review by the Special Needs Committee. The newly formed Committee—established by nurse Jamie Barker, head of the Health Services Unit—now had to authorize such restrictions. Based on Cuesta's medical records and Trevino's decision to extend his permit for only one month, the Committee declined to renew the low-bunk restriction.

Trevino also denied Cuesta's request to see an outside back specialist, citing DOC policy. Under that policy, an inmate who wishes to see an outside physician must have a prison doctor order the appointment or file a written request himself and, upon approval, pay all expenses associated with the examination. Cuesta then turned to Barker. She also denied his request to see a specialist because no doctor authorized the outside visit and Cuesta had not submitted a written request. Barker gave Cuesta a copy of the policy, Division of Adult Institutions Policy #500.30.03. Cuesta still did not obtain a referral from a prison doctor or file a written request to see an outside doctor.

Cuesta then sued the warden, various complaint examiners who denied his grievances about these issues, the Special Needs Committee, and nurses Trevino and Barker under 42 U.S.C. § 1983 for "past and actual pain and suffering he endured." As relevant to this appeal, he alleged that the defendants violated his Eighth Amendment rights in numerous ways. The nurses he saw were "unqualified to diagnose and treat [his] irritated back." Nurses also denied him access to a back specialist. The Committee, composed of non-medical personnel, unreasonably denied him a low-bunk permit.

Further, he asserted, the DAI policy was unreasonable because paying his own medical costs was out of the question.

At screening, a magistrate judge allowed Cuesta to proceed on deliberate-indifference claims against Trevino and Barker. But the magistrate judge dismissed the remainder of the complaint because Cuesta did not sufficiently allege how the warden and complaint examiners plausibly violated his rights.

Cuesta then moved for leave to amend his complaint, but the district judge denied his motion. He determined that, in the proposed amended complaint, Cuesta did no better at pleading a plausible basis for the former defendants' liability. He would later deny a second motion—which Cuesta filed without complying with Federal Rule of Civil Procedure 15(a)(2)—for it was filed without the defendants' consent, very late in the case, and with no good reason for the untimeliness.

Trevino and Barker moved for summary judgment, arguing that they were not personally involved in the purported constitutional violations. Cuesta insisted that Trevino provided deficient care because she did not conduct tests on his back injury, ask him questions about his symptoms, or record his medical history. Because he was in pain and distress, she should have renewed his low-bunk restriction for more than one month. Cuesta also faulted both Trevino and Barker for preventing him from obtaining treatment from a back specialist.

The district court granted the defendants' motion for summary judgment. The judge concluded that Trevino's treatment of Cuesta was consistent with the care provided by other medical professionals and was not so egregious that it could meet the high standard of deliberate indifference. And Barker had given Cuesta the information he needed to request a back specialist. On appeal, Cuesta does not raise any argument about Barker's purported unlawful conduct so we will comment no more about her.

Cuesta argues that Trevino violated his Eighth Amendment rights by denying his informal requests to see a physician with more experience, namely a non-DOC back specialist. But Cuesta never completed the steps to see an outside specialist, though he was made aware of them. To be liable for an Eighth Amendment deliberate-indifference claim, a defendant must be personally involved in the constitutional deprivation. *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011). Trevino was not personally responsible for

the policy requiring Cuesta to submit a written request to see an outside specialist, or his failure to comply with that policy.[1]

Cuesta next argues that Trevino, whom he says was "not competent to evaluate the significance of my back muscle pain," violated the Eighth Amendment with her substandard treatment. But Cuesta must show Trevino's medical care was "such 'a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment.'" *Duckworth v. Ahmad*, 532 F.3d 675, 682 (7th Cir. 2008) (quoting *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261–62 (7th Cir. 1996)). Cuesta did not submit any evidence that Trevino's treatment plan of ice, ibuprofen, one-month extension of the low-bunk restriction, and exercises to strengthen his muscles rose to this level. Disagreement with a treatment plan does not establish an Eighth Amendment violation. *Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017). Nor does evidence of negligence or medical malpractice. *Id.* at 724.

Next, Cuesta argues that the district court abused its discretion by denying his motions for leave to amend his complaint to allow him to sue the previously dismissed defendants. Specifically, he contends that the warden and complaint examiners violated his constitutional rights because they failed to correct a policy that allows nurses to "improperly diagnose[] and dispense[] medications without adequate supervision." But the district court did not abuse its considerable discretion because in his first proposed amended complaint, Cuesta did not allege any actions by these defendants that plausibly could have violated the Eighth Amendment. He did not allege that they crafted or implemented an actual or de facto "policy" of nurses treating inmates without supervision. He instead asserts merely that the officials knew of Trevino's actions but failed to stop them. But if a problem existed with the healthcare system, the warden and complaint examiners did "not have a free-floating obligation to put things to rights." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Instead, they were "entitled to relegate to the prison's medical staff the provision of good medical care." *Id.* at 595.

The district court did not abuse its discretion when it denied Cuesta's second motion for leave to amend because Cuesta did not comply with Federal Rule of Civil

---

[1] Because Cuesta did not follow the required procedures, we need not decide whether the policy of requiring an inmate to pay all expenses passes constitutional muster. We reserve that issue for a case in which it matters to the outcome.

Procedure 15(a)(2). He did not obtain the defendants' written consent to amend after the filing of a summary-judgment motion. And the court reasonably denied permission because Cuesta did not give a "good reason" for seeking leave well after the summary-judgment motion was filed. *See Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Moreover, the court added, Cuesta still had not plausibly alleged that the dismissed defendants violated the Constitution.

Last, we note that Cuesta's other contentions—(1) that the Committee terminated his low-bunk restriction by looking at his "written" medical file without conducting "any medical examination;" (2) that he actually *did* "file[] all applications to see a back specialist;" (3) that the prison failed to create a "system for identifying inmates with medical needs;" and (4) that there is no central coordination within the Health Services Unit—are waived because he did not first present them to the district court. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012).

AFFIRMED